[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband at Des Moines, Iowa, on June 9, 1956. Her birth name was Krum-Miller.
No children that are presently minors were born to the wife, nor were any children adopted. The wife has resided in the State of Connecticut continuously for a period of at least one year prior to the commencement of this dissolution proceeding.
From the evidence presented, the court finds that the marriage has broken down irretrievably, there is no prospect of any reconciliation, and a decree of dissolution is entered.
Chronologically, this is a marriage of approximately thirty-seven and one-half (37-1/2) years. In fact, however, the parties cohabited as husband and wife only until November 1971, a period of about fifteen and one-half (15-1/2) years. In fact, in 1972, they executed a separation agreement which for the greater portion of the following twenty-one (21) years was substantially complied with by the parties. The actions of the parties and their life styles confirmed the status of the separation and non-interference. In fact, even when the wife reentered the husband's home in 1987, it was not as a wife but rather as an employee and boarder. CT Page 737
The wife is fifty-six (56) years of age and the husband is fifty-nine (59). She is in fair health having endured a radical mastectomy after being diagnosed with cancer in April, 1993. Although she cannot work full-time, she admitted that she can work twenty-five (25) hours per week. She has some skills, having been employed in various capacities, although she has not worked since October, 1993. The court is of the opinion that she has made very little effort to find employment.
The court finds that the husband's infidelity with his neighbor in 1971, and his cohabitating with her for three or four years, was the precipitating cause of the breakdown. It set a chain reaction of some rather bizarre life styles of both parties for the next twenty-two (22) years.
During the early years of the marriage, the wife was the primary care giver and the husband the primary earner. As the children grew older, they lived primarily with the mother, although the daughter moved in with her father on a permanent basis at age ten (10). He has paid for all of the college expenses incurred by the children.
The husband is a free lance copywriter and is in fairly good health although he suffers from clinical depression. He has earned a good living through the years. His gross weekly salary is $1,812.00 and his reportable net income is reported on his financial affidavit as $1,112.00. The court is of the opinion that his federal income tax is overstated and that his net income should be about $1,300.00 per week.
The defendant's total net assets, deferred and otherwise, amount to approximately $210,000.00. The wife's net assets are approximately $4,500.00.
The husband has been paying $600.00 a week to the wife as court ordered alimony pendente lite since June, 1991, a period of over two and one-half (2-1/2) years.
The court is aware of the statutory criteria which it must consider in considering its award, if any, of alimony and property distribution. The facts in this case are considerably at odds with the chronological period of the marriage. Nonetheless, the court cannot, even under the CT Page 738 circumstances of this case, leave the wife with no means of support and other financial assistance. The court is further aware of the many years of "support" which the husband paid to the wife and children under the 1992 separation agreement, and cannot isolate or disregard that contribution in fashioning its present orders.
Therefore, having carefully considered the evidence and applicable statutory criteria, the court further orders as follows:
1. The husband shall pay to the wife as periodic alimony, the sum of $400.00 per week until the husband's retirement or his reaching age sixty-five (65), whichever event first occurs.
2. The husband shall assign by QDRO to the wife, percent of the present value of his deferred investment plan.
3. The husband shall, within sixty (60) days, pay to the wife the sum of $3,000.00 as an allowance to prosecute.
4. Except as otherwise provided, each of the parties shall retain his or her own assets and be responsible for his or her own liabilities.
Mihalakos, J.